UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HEBNISE EUGENE, DAPHNEE FELISMA,
VALERIE BLOUNT, VICTORIA LYNN
JOHNSON, MARICKA JACKSON,
LILLIE PEARL JACKSON,

   Plaintiffs,
v.

ALL METRO HOME CARE SERVICES
OF FLORIDA, INC. D/B/A ALL METRO
HEALTH CARE, SETH J. SHAPIRO,
DAVE P. MIDDLETON, JAMES T. WATSON,

   Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

  Plaintiffs, HEBNISE EUGENE, DAPHNEE FELISMA, VALERIE BLOUNT, VICTORIA LYNN JOHNSON, MARICKA JACKSON and LILLIE PEARL JACKSON, bring this action against Defendants, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE, SETH J. SHAPIRO, DAVE P. MIDDLETON and JAMES T. WATSON pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs HEBNISE EUGENE, DAPHNEE FELISMA, VALERIE BLOUNT, VICTORIA LYNN JOHNSON, MARICKA JACKSON, and LILLIE PEARL JACKSON were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through interstate communication including by phone with Defendants' offices in New York.

4. At all times material hereto, Defendant ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of home health services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, SETH J. SHAPIRO, is a resident of New York and was, and now is, the managing agent, director and/or owner of Defendant, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE; said Defendant acted and acts directly in the interests of Defendant, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE, in relation to said co-Defendant's employees. Defendant effectively dominates ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others.

6. Defendant, DAVE P. MIDDLETON, is a resident of New York and was, and now is, the managing agent, director and/or owner of Defendant, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE; said Defendant acted and acts directly in the interests of Defendant, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE, in relation to said co-Defendant's employees.

Defendant effectively dominates ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others.

7. Defendant, JAMES T. WATSON, is a resident of New York and was, and now is, the managing agent, director and/or owner of Defendant, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE; said Defendant acted and acts directly in the interests of Defendant, ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE, in relation to said co-Defendant's employees. Defendant effectively dominates ALL METRO HOME CARE SERVICES OF FLORIDA, INC. D/B/A ALL METRO HEALTH CARE administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others.

8. Defendant SETH J. SHAPIRO controlled Plaintiffs' pay, duties, and had hiring and firing authority over Plaintiffs.

9. Defendant DAVE P. MIDDLETON controlled Plaintiffs' pay, duties, and had hiring and firing authority over Plaintiffs.

10. Defendant JAMES T. WATSON controlled Plaintiffs' pay, duties, and had hiring and firing authority over Plaintiffs.

11. Defendant SETH J. SHAPIRO was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

12. Defendant DAVE P. MIDDLETON was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

13. Defendant JAMES T. WATSON was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

14. Defendants employed Plaintiffs as licensed practical nurses.

15. Defendants failed to pay Plaintiffs the full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates.

16. Defendants created false and inaccurate pay records to avoid paying Plaintiffs' their full and proper overtime wages.

17. Attached as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, and Exhibit F are preliminary estimates of Plaintiffs' claims. These amounts may change as Plaintiffs engages in the discovery process.

18. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

19. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

20. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

21. Plaintiffs realleges and incorporate the allegations set forth in paragraphs 1-20 above as if set forth herein in full.

22. Plaintiffs alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

23. Plaintiffs seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

> Respectfully submitted,
>
> Koz Law, P.A.
> 320 S.E. 9th Street
> Fort Lauderdale, Florida 33316
> Phone: (786) 924-9929
> Fax:    (786) 358-6071
> Email: ekoz@kozlawfirm.com
>
> _____
> Elliot Kozolchyk, Esquire
> Bar No.: 74791